# UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

RONALD EDWARD JOYNER,

Inmate # 508970.

(Enter full name of Plaintiff)

vs.

Case No.: 3:19CV5002-MCR-HTC

(To be assigned by Clerk)

C. Maiorana, Warden,

R. Bethea, Grievance,

Coordinator, M. Neal, Assistance, Warden of Programs,

Disable Inmate Committee Chair, Classification, Supervisor Cooper

,All Defendants  sued in their individual and

Official capacities for damages

And injunctive relief, et at.

(Enter name and title of each Defendant. If
additional space is required, use the blank
area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES

FILED USDC FLND PN
DEC 20 '19 PM1:48

Provided to Graceville Correctional Facility
on 12/18/19 _____ for mailing
by ___ MC ____

1

**I.      PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of plaintiff: Ronald Edward Joyner

Inmate Number: 508970

Prison or Jail: GEO Group Blackwater River. Correctional Facility

Mailing address: 5914 Jeff Ates Rd.

        Milton, FL 32583


**II.     DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **<u>every</u>** Defendant:

(1)     Name of plaintiff: C. Maiorana

Inmate Number: Warden

Prison or Jail: GEO Group Blackwater River. Correctional Facility

Mailing address: 5914 Jeff Ates Rd.

        Milton, FL 32583


(2)     Name of plaintiff: R. Bethea

Inmate Number: Grievance Coordinator

Prison or Jail: GEO Group Blackwater River. Correctional Facility

Mailing address: 5914 Jeff Ates Rd.

        Milton, FL 32583


(3)     Name of plaintiff: M. Neal

Inmate Number: Assistant Warden of Programs  & Disable Inmate Committee Chair

Prison or Jail: GEO Group Blackwater River. Correctional Facility

Mailing address: 5914 Jeff Ates Rd.

        Milton, FL 32583


(4)     Name of plaintiff: Cooper

Inmate Number: Classification Supervisor

2

Prison or Jail: GEO Group Blackwater River. Correctional Facility

Mailing address: 5914 Jeff Ates Rd.

Milton, FL 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

NOTE:   THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

**III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

**A.     DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

Yes ( ✓ ) GEO Group   No (  ) Private Contractor State Actor

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

**1.     Information Grievance**

a.     Did you submit an informal grievance?

Yes ( ✓ )      No (  )

❖   If so, you must attach a copy of the grievance and response; exhibit A.

b.     In not, why? _____

**2.     Formal Grievance**

a.     Did you submit a formal grievance?

Yes ( ✓ )      No (  )

❖   If so, you must attach a copy of the grievance and response; exhibit B.

3

b.      In not, why? _____

**3.      Appeal to the Office of the Secretary**

a.      Did you submit an appeal to the Office of the Secretary?

Yes ( ✓ )                    No ( )

❖ If so, you must attach a copy of the appeal and response; exhibit C.

b.      In not, why? _____

**4.      Disciplinary Actions**

a.      Did you have a disciplinary hearing concerning this matter?

Yes ( )          No ( ✓ )

❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form;

b.      Did you lose gaintime as a result of the disciplinary hearing?

Yes ( )                    No ( ✓ )

c.      Has the gaintime since been restored?

Yes ( )                    No ( ✓ )

**B.      DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN <u>A COUNTY JAIL OR DETENTION CENTER?</u>**

Yes ( )                    No ( ✓ )

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.      Is there a grievance procedure at your institution or jail?

Yes ( )                    No ( )

[If your answer is NO, proceed to Section IV of the complaint form. If your Answer is YES, answer all of the following questions in this subsection.]

2.      Did you submit a grievance concerning the facts relating to your complaint?

Yes ( )                    No ( )

3.      If your answer is YES:

a.      What steps did you take? _____

4

   b.  What were the results? _____

     ❖ If so, you must attach a copy of the grievance and response; exhibit ____.

 4.  If your answer is NO< explain why not: _____

   _____

   NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL MAY RESULT IN THE
   DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES
   YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

**IV.** **PREVIOUS LAWSUITS**

 A.  Have you initiated other actions in **state court** dealing with the same or similar
   facts/issues involved in this action?

   Yes ( )     No ( ✓ )

   1. Parties to previous action:

    a. Plaintiff(s): _____

    b. Defendant(s): _____

   2. Name of judge: _____ Case #: _____

   3. County and judicial circuit: _____

   4. Approximate filing date: _____

   6. If not still pending, date of dismissal: _____

   7. Reason for dismissal: _____

   8. Facts and claims of case: _____

    _____

   **(Attach additional pages as necessary to list other state court cases.)**

 B.  Have you initiated other actions in **federal court** dealing with the same or similar
   facts/issues involved in this action?

   Yes ( )     No ( ✓ )

   1. Parties to previous action:

    a. Plaintiff(s): _____

    b. Defendant(s): _____

   2. District and judicial division: _____

3. Name of judge: _____ Case #: _____

4. Approximate filing date: _____

5. If not still pending, date of dismissal: _____

6. Reason for dismissal: _____

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that related to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes ( )              No ( ✓ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:

    a.   Plaintiff(s): _____

    b.   Defendant(s): _____

2. District and judicial division: _____

3. Name of judge: _____

4. Approximate filing date: _____

5. If not still pending, date of dismissal: _____

6. Reason for dismissal: _____

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes ( )              No ( ✓ )

1. Parties to previous action:

    a.   Plaintiff(s): _____

    b.   Defendant(s): _____

2. District and judicial division: _____

3. Name of judge: _____  Case Docket #: _____

4. Approximate filing date: _____  Dismissal date: _____

5. Reason for dismissal: _____

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dated, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. July 26, 2019 while attending the disable inmate committee meeting Defendant Neal and Cooper acting in their individual and official capacities discriminated against Plaintiff and subjected Plaintiff to harassment and retaliation resulting in the intentional infliction of cruel and unusual punishment when:

2. Because of Plaintiff's diagnosed and documented <u>Ex C7, DC4-691</u> ) "Hearing loss" Defendants Neal and Cooper became made at the Plaintiff because Plaintiff could not hear and understand what the Defendants were saying to him <u>Exhibit C-7</u>

3. because Plaintiff could neither hear nor comprehend what Defendants Cooper and Neal were saying then in retaliation for Plaintiff hearing loss and not having hearing aids which he previously had Plaintiff was placed in confinement without any form of procedural preconfinement due process nor while in the punitive conditions of confinement Plaintiff never received a hearing.

4. As a result of the foregoing the Plaintiff began the exhaustion of his administrative remedies with <u>Exhibit A-1 informal grievance, DC6-236, A1-2</u>

5. As usual the foregoing was denied with Plaintiff exhausting the formal grievance <u>Exhibit B 1-2-3</u> which establishes the liability of Defendant Maiorana in his official capacity as warden and his individual capacity because he knows that Defendant Neal and Cooper have a long and well established history of abusing, discriminating against, harassing and retaliating against disable, elderly, impaired, designated ADA Prisoners and the Plaintiff. <u>Exhibit A B C</u>

6. Exhibit B further establishes the liability of Defendant Bethea in his official capacity as grievance coordinator and individually because, like his co-defendant Maiorana, Defendant Bethea has personal knowledge that Defendants Cooper and Neal harbor animosity toward ADA prisoners and subject Plaintiff and other ADA to cruel and unusual punishment. Exhibit C-7

7. Plaintiff's final exhaustion of his adminsrative remedies is demonstrated in Exhibit C.

8. However, because this action is against agents and employees of GEO Group Inc., as private contractors acting as state actors then no Florida Department of Correction state employee is named as a Defendant.

9. Exhibit C-5 is significant and establishes the liability of the foregoing named Defendants because no documentation has ever been produced by Defendants to demonstrate Plaintiff ever received and informal hearing before [any] shift supervisor "which is why the Defendant could not and did not initiate any disciplinary action for allegedly being "disorderly" Exhibit A-1 "miscellaneous infraction 9-17 disorderly conduct."

10. Exhibit A-1, neither Defendant Neal nor Cooper alleged nor charged Plaintiff with a "9-17 disorderly conduct "Infraction which would subject Plaintiff to any form of confinement.

11. Defendant Neal and Cooper unconstitutional procedural due process violations are apparent in all. Plaintiff's Exhibits because neither Defendant Neal nor Cooper issued Plaintiff the required" 1. Verbal reprimand, nor a 2. Corrective consultation" or a 3. Formal disciplinary action. "Reference GEO Black Water 2019 Inmate Handbook, page 11.

12. The Defendants Neal's and Coope'sr malicious unconstitutional Act of retaliation in illegally placing Plaintiff in confinement is further demonstrated in Exhibit C-7 where Neal herself writes that: "I/M became disrespectful & was removed from meeting & placed in conf. "(sic)

13. Exhibit A-1 falsely states Plaintiff "became disorderly" but Exhibit C-7 in Defendant Neal's own writing contradicts A-1, by stating Plaintiff "became disrespectful," a totally separate "section one 1-4 infraction, 'expressed by means of words gestures, and the like. "Exhibit A-1, CF, C-7

14. Within neither of the foregoing Exhibits this disabled elderly impaired hard of hearing Plaintiff being afforded that required pre-confinement procedural due process of the first stage, "verbal reprimand" second stage "corrective consultation neither or which Plaintiff was afforded.

15. Exhibit C-5 in contradicting Exhibits A-1 and C-7 demonstrates not only a falsified official state document (DC6-236 form), but in realizing the procedural due process violations in those two (2) exhibits introduce a new theory of why Plaintiff was wrongfully placed in confinement because, coincidently the same date as the defendant were confused as to whether Plaintiff was disorderly or disrespectful. Exhibit C-5 has Plaintiff being "under investigation with no documentation or explanation as to what Plaintiff was allegedly under investigation for Exhibit C-5

16. Plaintiff specifically alleges that the above named defendants as a private GEO Group Inc. agents and employee contractors while acting in their individual and official capacities under color of state law intentionally, knowingly and maliciously; enacted and implemented unconstitutional official custom and policy of discriminating against disable, elderly impaired ADA prisoners abusing this Plaintiff et al. harassing Plaintiff and subjecting Plaintiff to the intentional infliction of cruel and unusual punishment causing him actual irreversible, permanent injury and then refusing Plaintiff necessary medical care.

17. Defendant Warden Maiorana''s individual personal liability is established by Exhibit C-7 facility warden signature: by his signature on that official DC4-691 state form because he was present during the ADA meeting when Defendant Neal and Cooper both became verbally abusive to Plaintiff harassing and threating Plaintiff because without the hearings aids he was prescribed Plaintiff could not and did not hear or understand what Defendants Neal and Cooper were saying Exhibit C-7

18. The injuries pain and suffering the Plaintiff continues to suffer because of the named defendants deliberate indifference to his diagnosed and documented serious ADA medical conditions impairment are:

19. Exhibit D final exhaustion, log 19-6-3402 mailed /filed dated September 27, 2019 "but dated/signed September 23, 2019 by secretary's representative, C. Neal, "Stating the response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the central office level Exhibit D.

20. Exhibit D the DC1-303 log 19-6-34032, dated September 11, 2019 reestablishes Defendant's Mairoana and Neal's liability as to their discrimination, harassment and retaliation against this ADA elderly prisoner and when their cover up unconstitutionally placing Plaintiff in confinement was exposed that Plaintiff was neither disorderly nor disrespectful but that without his ADA hearing aids he could not hear either Defendant Maiorana nor Neal and neither were concerned about Plaintiff not having his hearing aids.

21. The forgoing is best demonstrated in Exhibit C-7, as was also attached to Exhibit D, with Defendant Neal stating on the DC4-691, need to check, hearing aids when the issue/problem is; I do not have the hearing aids.

22. Exhibit D demonstrates that because I was neither disorderly nor disrespectful that to attempt to justify the retaliatory confinement they changed it to my "being" under investigation" but never stating why and upon my challenging the fabrication and falsification the alleged documentation "face sheet" disappeared Exhibit D page 2, "Fact (4), (5), especially (6)

A. Exhibit C-7 current diagnoses: HTN, Asthma, hearing loss and COPD. Plaintiff was placed in a freezing cold confinement cell which cause multiple asthma attacks, chest pain COPD difficulty breathing, respiratory distress all exacerbated by the fact that after numerous DC6-236 request the defendant knowingly refused to order defendant's medical staff to give Plaintiff his prescribed asthma medication.

B. It is a custom policy and practice of the named Defendants unique to GEO Group Inc. Private Contractor, to take all of a prisoners this Plaintiff "KOP" (Keep on Person) prescribed medication when any prisoners or this Plaintiff goes to confinement. Exhibit C-7 signed by both defendants Neal and Maiorana Exhibit B-1.

C. Plaintiff was further subjected to unnecessary cruel and unusual punishment is severe chest pain and the resulting high blood pressure, blurred vision and headaches when like with denial of Plaintiff asthma medication. Plaintiff was denied his high blood pressure medication, dilitiazem cardizem 240 mg rx 2409-6819-2.

D. Exhibit C-7 Reflects that Plaintiff, medically must have a "double cuff in back" because of plate of titanium to replace a ruptured disc and a broken rotator cuff which because of the freezing cold cell temperatures caused Plaintiff excruating  neck and shoulder pain, stiffness in the shoulder which were painful with ever minimal movement depriving Plaintiff.

E. In addition to Plaintiffs above physical pain and suffering as set forth in the foregoing Plaintiff alleges violations of the discrimination clause of 42 U.S.C. 12101 et seq, as incorporated in Defendants 'Rule 33-210.201(1) Fla. Admin. Code with the physical Plaintiff suffering both physical pain causes the intentional infliction of emotional distress, anxiety and panic attacks including paranoia of further future harrasments and retaliation by defendants resulting in further retaliatory confinement time.

F.  The foregoing intentional infliction of emotional and mental anguish was exacerbated by Defendant

denial of Plaintiff's ability to communicate with his elderly, 78 year mother dying of lung cancer.

## VI.  STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Count One: The foregoing paragraphs one through eighteen establish a factual basis that all named Defendants acted with deliberate indifference to Plaintiff's documented ADA disabilities and intentionally, knowingly and maliciously subjected Plaintiff to cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution and 42 U.S.C. 12131, Et seq., and 42 U.S.C. 12101, et seq.

Count Two: The foregoing paragraphs one through eighteen establish a prima facie case that Plaintiff was subjected to discrimination and retaliation by all named Defendants because of his hearing and physical disabilities that at an A.D.A. meeting because of Plaintiff's inability to hear the Defendants became frustrated., hostile and place Plaintiff in the cruel and unusual conditions in violation of his First Amendment protection.

Count Three: The foregoing paragraphs one through eighteen individually and cumulatively demonstrate that the defendants deprived Plaintiff of his procedural due process protections in violation of the Fourteenth Amendment to the United States Constitution when Defendants, without any form of due process, ignored Plaintiff's hearing and physical disabilities, by handcuffing Plaintiff in a cruel and unusual manner and placing Plaintiff in punitive confinement when, as the Defendants own records attached as exhaustion Exhibits concede, Plaintiff did not and had not violated any rules.

## VII.  RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes.

A.  A declaratory judgement that all named Defendants acted with deliberate indifference to Plaintiff's

hearing and physical disabilities and subjected Plaintiff to retaliatory acts of cruel and unusual

punishments by denying Plaintiff his due process protections.

B.  Order all named Defendants to pay Plaintiff one hundred thousand dollars ($100,000) for each

count for each named Defendant in compensatory damages for the retaliatory cruel and unusual

punishments the inflicted on him without procedural due process.

C. Order all named Defendants to pay Plaintiff one hundred thousand dollars ($100,00) in punitive damages from each named Defendant in punitive damages for retaliatory act of cruel and unusual punishment Defendants subjected Plaintiff to without affording Plaintiff his procedural protection afforded by the due process clause.

D. Order all named Defendants to pay any and all attorney fees, cost and or other expenses incurred by Plaintiff or his attorneys if appointed by the court.

E. Order that Defendants shall not further retaliate against Plaintiff in any form, fashion and or manner with an order of compliance issued pursuant to Florida Statute 944.611 and 944.8031, to transfer Plaintiff to a statutorily appropriate ADA facility.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

December 18, 2019

~~October 28, 2019~~

_____
(Date)

_____
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

**I DECLARE** (certify, verify, or affirm) under penalty of perjury that this complaint was (check one):

☑ delivered to prison officials for mailing; or ☐ deposited in the prison's internal mail system on:

This _18th_ day of _December_____, 20 _19_.

_____
(Signature of Plaintiff)

Ronald E Joyner 508970
Graceville Corr. Rehab. Institution
5168 Ezell Rd)
Graceville, Fl. 32440

MAILED
FROM A
CORRECTIONAL
INSTITUTION

Master
12/18/2019
US POSTAGE $001.45⁰

FIRST-CLASS MAIL

ZIP 32440
014E11676056

U. S. Courthouse
1 N. PalaFox St Suite 226
Pensacola Florida 32502-4863

CHECKED DEC 20 2019

LEGAL MAIL

Provided to [illegible]ville Correctional Facility
on 12/18/19
by [illegible]

Legal Mail