# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

RONALD EDWARD JOYNER,
Inmate ID Number: 508970,

**FIRST AMENDED[1] COMPLAINT**

**Case No.:  3:19-CV-5002-MCR-HTC**

**v.**

FLORIDA DEPARTMENT OF CORRECTIONS
AND THE GEO GROUP, INC.,
C. Maiorana,                    ,
R. Bethea
M. Neal
Ms. Cooper

**Jury Trial Requested?**
☒ YES ☐ NO

_____/

FILED USDC FLND PN
JUN 2 '20 PM1:08
_____

[1] Amended per this Court's "Order Requiring Amended Complaint", dated March 11, 2020.

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: Ronald Edward Joyner      ID Number: 508970

List all other names by which you have been known: Ronald E. Joyner; Ronald

Joyner; R. Joyner; and R.E. Joyner.

Current Institution: Graceville Correctional Facility

Address: 5168 Ezell Road, Graceville, Florida 32440-2402

## B. Defendant(s)

1. Defendant's Name: Florida Department of Corrections

Official Position: State Prison

Employed at: Florida Department of Corrections

Mailing Address: 501 S. Calhoun Street, Tallahassee, Florida 32399-2500

☐ Sued in Individual Capacity ☒ Sued in Official Capacity

2. Defendant's Name: The GEO Group, Inc.

Official Position: A corporation

Employed at: The GEO Group, Inc.

Mailing Address: 4955 Technology Way, Boca Raton, Florida 33431

☐ Sued in Individual Capacity ☒ Sued in Official Capacity

3. Defendant's Name: C. Maiorana

Official Position: Warden

Employed at: Blackwater River Correctional Facility

Mailing Address: 514 Jeff Ates Road, Milton, Florida 32583

☒ Sued in Individual Capacity ☐ Sued in Official Capacity

4. Defendant's Name: R. Bethea

Official Position: Grievance Coordinator

Employed at: Blackwater River Correctional Facility

Mailing Address: 514 Jeff Ates Road, Milton, Florida 32583

☒ Sued in Individual Capacity ☐ Sued in Official Capacity

5. Defendant's Name: M. Neal

Official Position: Assistant Warden of Programs

Employed at: Blackwater River Correctional Facility

Mailing Address: 514 Jeff Ates Road, Milton, Florida 32583

☒ Sued in Individual Capacity ☐ Sued in Official Capacity

6. Defendant's Name: Ms. Cooper

Official Position: Classification Supervisor – Disabled Inmate Committee Chair

Employed at: Blackwater River Correctional Facility

Mailing Address: 514 Jeff Ates Road, Milton, Florida 32583

☒ Sued in Individual Capacity ☐ Sued in Official Capacity

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, Plaintiff sues the Florida Department of Corrections (hereinafter FDOC) because Plaintiff maintains his custodial status is still with the FDOC even though being housed in a private operated prison.  When considering Plaintiff's status as a Title II ADA qualifying inmate while being housed at a private operated prison Plaintiff complains about conduct that violates both Title II and the Fourteenth Amendment caused by staff members of the private prison corperation. Plaintiff also sues The GEO Group, Inc. and its employees working at Blackwater River Correctional Facility who have responsibility over State of Florida prisoners. Therefore, they are State Actors Under Color of Law, and Plaintiff has proved to Identify an Unconstitutional Policy or Custom.  Plaintiff is an elderly, hearing impaired prisoner and was discriminated and retaliated against by all named defendants because of his hearing and physical disabilities during an A.D.A. meeting.  Defendants actions escalated due to Plaintiff's actions of not hearing what the defendants were saying.  Plaintiff was deprived of his procedural Due Process protections in violation of the Fourteenth Amendment of the United States Constitution when defendants, without any form of Due Process, ignored Plaintiff's hearing and physical disabilities.  By hand-cuffing Plaintiff in a cruel and unusual manner and placing Plaintiff into punitive confinement which was a harsh environment violating the Eighth Amendment of the United States Constitution.

## III. PRISONER STATUS

Plaintiff is an inmate in the custody of the Florida Department of Corrections being housed presently at a GEO Group, Inc. facility (Graceville Correctional Facility) a private prison.   Plaintiff was housed at Blackwater River Correctional Facility ("Blackwater") which is also a GEO Group, Inc. facility during the events he alleges in this complaint.

## IV. STATEMENT OF FACTS *(Page 1 of 9)*

1. July 26, 2019 while attending the Disabled Inmate Committee meeting Defendants Neal (Assistant Warden of Programs [herein after AWP]) and Cooper (Classification Supervisor [herein after CS]) acting in their individual capacity discriminated against Plaintiff and subjected Plaintiff to harassment and retaliation resulting in the intentional infliction of cruel and unusual punishment when:

2. Because of Plaintiff's diagnosed and documented (Exhibit C7, DC4-691) "Hearing loss" Defendants Neal and Cooper became angry at Plaintiff because Plaintiff could not hear and understand what the Defendants were saying to him. Exhibit C-7.

3. Because Plaintiff could neither hear nor comprehend what Defendants Neal and Cooper were saying then in retaliation for Plaintiff's hearing loss and not having hearing aids which he previously had Plaintiff was placed in confinement without

**Statement of Facts Continued** *(Page 2 of 9)*

any form of procedural preconfinement due process nor while in the punitive conditions of confinement Plaintiff never received a hearing. Details of the incident were as follows: While at a A.D.A. meeting being held on July 26, 2019, in the Visitation Park (V.P.) when AWP Neal asked Plaintiff a question about where his hearing aids were, when Plaintiff was answering her CS Cooper started mocking Plaintiff. Plaintiff than asked CS Cooper what, she said never mind and started chuckling at me. Then AWP Neal said, "That's why your fuck'n here in the first place, you piss people off and write stuff up." AWP Neal ordered that the Plaintiff be cuffed up and placed in confinement for disrespect. Plaintiff remained in confinement until September 12, 2019.

4. As a result of the foregoing Plaintiff began the exhaustion of his administrative remedies with Exhibit A-1, Informal Grievance, DC6-236, A-1 and A-2.

5. As usual the foregoing was denied with Plaintiff exhausting the Formal Grievance Exhibit B-1, B-2 & B-3 which establishes the liability of Defendant Maiorana (Warden [herein after W]) in his individual capacity as warden because he knows that Defendant Neal and Cooper have a long and well established unofficial custom or practice of [GEO] of abusing, discriminating against, harassing and retaliating against disabled, elderly, impaired, designated ADA prisoners and the Plaintiff. Exhibits A, B & C.

**Statement of Facts Continued** *(Page 3 of 9)*

6. Exhibit B further establishes the liability of Defendant Bethea (Grievance Coordinator [herein after GC]) in his individual capacity as Grievance Coordinator because, like his codefendant Maiorana, Defendant Bethea has personal knowledge the Defendants Neal's and Cooper's "unofficial custom or practice" of showing their harbor animosity toward ADA prisoners and subject Plaintiff and other ADA prisoners to cruel and unusual punishment. Exhibit C-7. This unconstitutional policy can be inferred from a single decision by the highest official responsible for policy in this area. Warden Maiorana, Assistant Warden Neal and Classification Supervisor Cooper is the highest official responsible for policy in the areas of disciplinary reports and/or confinement.

7. Plaintiff's final exhaustion of his administrative remedies are demonstrated in Exhibit C.

8. However, because this action is against agents and employees of The GEO Group, Inc. as private contractors acting as State actors then no Florida Department of Corrections state employees are named as a defendant.

9. Exhibit C-5 is significant and establishes the liability of the forgoing named defendants because no documentation has ever been produced by defendants to demonstrate Plaintiff ever received an informal hearing before any shift supervisor

**Statement of Facts Continued** *(Page 4 of 9)*

which is why the defendant could not and did not initiate any disciplinary action for allegedly being "disorderly." Exhibit A-1 "Miscellaneous Infraction 9-17 Disorderly Conduct."

10. Exhibit A-1, neither defendant Neal nor Cooper alleged nor charged Plaintiff with a 9-17 Disorderly Conduct Infraction which would subject Plaintiff to any form of confinement.

11. Defendant Neal and Cooper unconstitutional procedural due process violations are apparent in all of Plaintiff's exhibits, showing neither Defendant Neal nor Cooper issued Plaintiff the required, 1. Verbal Reprimand, nor a 2. Corrective Consultation or 3. Formal Disciplinary Action. Reference GEO Blackwater 2019 Inmate Handbook, page 8. Exhibit: G.

12. The Defendants Neal's and Cooper's malicious unconstitutional act of retaliation in illegally placing Plaintiff in confinement is further demonstrated in Exhibit C-7, where Neal herself writes that: "I/M became disrespectful and was removed from meeting and placed in confinement."

13. Exhibit A-1 falsely states Plaintiff "became disorderly" but Exhibit C-7 in Defendants Neal's own writing contradicts Exhibit A-1, by stating Plaintiff "became disrespectful," a totally separate "Section One 1-4 Infraction, 'Expressed by means of words, gestures, and the like.'" Exhibit A-1 *cf.* C-7.

**Statement of Facts Continued** *(Page 5 of 9)*

14. Within neither of the forgoing exhibits this disabled elderly impaired hard of hearing Plaintiff being afforded that required pre-confinement procedural due process of the first stage, "Verbal Reprimand," second stage "Corrective Consultation" neither of which Plaintiff was afforded.

15. Exhibit C-5 in contradicting Exhibits A-1 and C-7 demonstrates not only a falsified official state document (DC6-236 Form), but in realizing the procedural due process violations in those two (2) exhibits intrudes a new theory of why Plaintiff was wrongfully placed in confinement because, coincidently that same date as the defendant were confused as to whether Plaintiff was disorderly or disrespectful, Exhibit C-5 has Plaintiff being "under investigation with no documentation or explanation as to what Plaintiff was allegedly under investigation for Exhibit C-5.

16. Plaintiff specifically alleges that the above named defendants as a private GEO Group Inc. agents and employee contractors while acting in their individual capacity under color of state intentionally, knowingly and maliciously enacted enforced and/implemented on unconstitutional official custom and policy of discriminating against disabled, elderly, impaired ADA prisoner abusing this Plaintiff, *et al.* harassing Plaintiff and subjecting Plaintiff to the infliction of cruel and unusual punishment causing him actual irreversible, permanent injury and then refusing Plaintiff necessary medical care.

**Statement of Facts Continued** *(Page 6 of 9)*

17. Defendant Warden Maiorana's individual personal liability is established by Exhibit C-7 facility warden signature: by his signature on that official DC4-691 state form because he was present during the ADA meeting when defendants Neal and Cooper both became verbally abusing to Plaintiff harassing and threating Plaintiff because without the hearing aids he was prescribed Plaintiff could not and did not hear or understand what defendants Neal and Cooper were saying Exhibit C-7.

18. The injuries pain and suffering the plaintiff continues to suffer because of the named defendants deliberate indifference to his diagnosed and documented serious ADA medical condition and impairment are: HTN, Asthma, Hearing loss and COPD.

19. Exhibit D final exhaustion, log 19-6-3402 mailed/filed dated September 27, 2019 "but dated/signed September 23, 2019 by Secretary's representative, C. Neel," stating the response that you received at this institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the central office level Exhibit D.

20. Exhibit D the DC1-303 Log 19-6-34032, dated September 11, 2019 reestablishes defendants Mairoana and Neal's liability as to their discrimination, harassment and retaliation against this ADA elderly prisoner and when their cover up unconstitutionally placing Plaintiff in confinement and exposed that Plaintiff was

**Statement of Facts Continued** *(Page 7 of 9)*

neither disorderly nor disrespectful but that without his ADA hearing aids Plaintiff could not clearly hear or understand either defendant Maiorana nor Neal and neither were concerned about Plaintiff not having his hearing aids.

21. The foregoing is best demonstrated in Exhibit C-7, as was also attached to Exhibit D with defendant Neal stating on the DC4-691, "need to check, hearing aids when the issue/problem is, I do not have the hearing aids."

22. Exhibit D demonstrates that because I was neither disorderly nor disrespectful that to attempt to justify the retaliatory confinement they changed it to plaintiff's "being under investigation" but never stating why and upon Plaintiff challenging the fabrication and falsification the alleged documentation :Face Sheet" disappeared Exhibit D, page 2, fact (4)m (5), especially (6).

(A) Exhibit C-7:  Current Diagnoses:  Plaintiff's pre-medical conditions consisted of HTN, Asthma, Hearing loss and COPD.  Plaintiff was placed in a freezing cold confinement cell (temperature averaged around 60°F and only one blanket was issued) which caused multiple asthma attacks, chest pain COPD difficulty breathing, respiratory distress all exacerbated knowingly refused to order defendants medical staff to give Plaintiff his prescribed asthma medication.  Plaintiff wrote sick-call requests but was never seen by medical and Plaintiff's wheezing continued.

**Statement of Facts Continued** *(Page 8 of 9)*

(B):  It is a custom policy and practice of the named defendants unique to GEO Group Inc. private contractor, to take all of a prisoner's keep on person (KOP) prescribed medication when any prisoners or the Plaintiff goes to confinement. Exhibit C-7 signed by both defendants Neal and Maiorana Exhibit B-1.

(C):  Plaintiff was further subjected retaliation actions by unnecessary cruel and unusual punishment caused by the environment of confinement triggering severe chest pain, resulting in high blood pressure, blurred vision and headaches; further enhanced by denying Plaintiff of his asthma medication, and his high blood pressure medication, Dilitiazem Cardizem 240 mg RE 2409-6819-2.

(D) Exhibit C-7:  Reflects Plaintiff's pre-medical conditions, where Plaintiff has a "double cuff in back" and a plate of titanium with four screws to replace a ruptured disc and a broken rotator cuff which causes extreme pain when exposed to cold temperatures.  The freezing cold cell (temperature averaged around 60°F for the entire duration of time spent in confinement and only one blanket was issued) caused excruciating neck and shoulder pain, stiffness in the shoulder, the pain was present even ever minimal movement.

(E):  In addition to Plaintiff's above physical pain and suffering as set forth in the foregoing Plaintiff alleges violations of the discrimination clause of 42 U.S.C §

**Statement of Facts Continued** *(Page 9 of 9)*

12101 *et. seq*. as incorporated in defendant's Rule 33-210.201(1) Fla. Admin. Code with the physical pain causes the intentional (inflict) of emotional distress, anxiety and panic attacks including paranoia of further future harassments and retaliation by defendants resulting in further retaliatory confinement time.

(F):   The foregoing intentional infliction of emotional and mental anguish was exacerbated by defendant denial of Plaintiff's ability to communicate with his elderly, 78 year mother dying of lung cancer.

## V. STATEMENT OF CLAIMS

Count One: The foregoing paragraphs one through eighteen establishes a factual basis that all named defendants acted with deliberate indifference to plaintiff's documented ADA disabilities and intentionally, knowingly and maliciously subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 12101 and 42 U.S.C. § 12131.

Count Two: The foregoing paragraphs one through eighteen establishes a *prima facia* case that Plaintiff was subjected to discrimination and retaliation by all named defendants because of his hearing and physical disabilities that at an A.D.A. meeting because of plaintiff's inability to hear the defendants became frustrated, hostile, and

placed Plaintiff in the cruel and unusual conditions, in violation of his First Amendment protection.

<u>Count Three:</u> The foregoing paragraphs one through eighteen individually and cumulatively demonstrate that the defendants deprived Plaintiff of his procedural Due Process protections in violation of the Fourteenth Amendment of the United States Constitution when defendants, without any form of Due Process, ignored Plaintiff's hearing and physical disabilities. By hand-cuffing Plaintiff in a cruel and unusual manner and placing Plaintiff in punitive confinement when, as the defendant's own records attached as exhaustion Exhibits concede, Plaintiff did not and had not violated any rules.

<u>Claim Four:</u> The Florida Department of Corrections has ultimate control and authority over the Plaintiff and is the authority that placed Plaintiff in the position of being housed in a private operated prison maintained by The GEO Group, Inc. (GEO). Since a private corporation is not a public entity merely because it contacts with a public entity to provide prison service, the courts have held that GEO is not a public entity subjecting it to liability under Title II of ADA. Therefore, FDOC is responsible for the harm in which the Plaintiff experienced. FDOC is responsible for ensuring that Plaintiff is housed at a facility that complies with ADA standards and the Fourteenth Amendment.

## VI. RELIEF REQUESTED

A. A declaration judgment that all named defendants acted with deliberate indifference to Plaintiff's hearing and physical disabilities and subjected plaintiff to retaliatory acts of cruel and unusual punishment by denying Plaintiff his Due Process protections.

B. Order all named defendants to pay Plaintiff one-hundred-thousand dollars ($100,000.00) for each count for each named defendant in compensatory damages for the retaliatory cruel and unusual punishment they inflicted on plaintiff without procedural Due Process.

C. Order all named defendants to pay Plaintiff one-hundred-thousand dollars ($100,000.00) in punitive damages from each named defendant in punitive damages for retaliatory act of cruel and unusual punishment defendants subjected Plaintiff to without affording Plaintiff his procedural protection afforded by the Due Process Clause.

D. Order all named defendants to pay any and all attorney fees, cost and or other expenses incurred by Plaintiff of his attorneys if appointed by the Court.

E. Order that defendants shall not further retaliate against Plaintiff in any form, fashion and or manner with an order of compliance issued pursuant to Florida Statutes §§ 944.611 and 944.8031, to transfer Plaintiff to a statutorily appropriate A.D.A. facility.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted all available administrative remedies *(grievance procedures)* prior to filing this instant case.  Refer to Table of Exhibits containing all grievance and appeals.

## VIII. PRIOR LITIGATION

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?      ☐ YES ☒ NO

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?      ☐ YES ☒ NO

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☐ YES ☒ NO

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: _May 29_ , 2020 Plaintiff's Signature: _____

Printed Name of Plaintiff: Ronald Edward Joyner

Correctional Institution: Graceville Correctional Facility

Address: 5168 Ezell Road, Graceville, Florida 32440-2402

I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☒ delivered to prison officials for mailing or ☒ deposited in the prison's mail system for mailing on the _29th_ day of ___May___, 2020 to the following addresses:

1.      Florida Department of Corrections (General Counsel), 501 South Calhoun Street, Tallahassee, Florida 32399-2500;

2.      The GEO Group, Inc. (General Counsel), 4955 Technology Way, Boca Raton, Florida 33431;

3.      C. Maiorana (Warden), Blackwater River Correctional Facility, 514 Jeff Ates Road, Milton, Florida 32583;

4.      R. Bethea (Grievance Coordinator), Blackwater River Correctional Facility, 514 Jeff Ates Road, Milton, Florida 32583;

5.      M. Neal (Assistant Warden of Programs), Blackwater River Correctional Facility, 514 Jeff Ates Road, Milton, Florida 32583;

6.      M. Neal (Assistant Warden of Programs), Blackwater River Correctional Facility, 514 Jeff Ates Road, Milton, Florida 32583; and

7.      Ms. Cooper (Classification Supervisor), Blackwater River Correctional Facility, 514 Jeff Ates Road, Milton, Florida 32583.

Signature of Incarcerated Plaintiff: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD EDWARD **JOYNER**,
  Plaintiff,

v.          CASE No.: **3:19cv5002-MCR-HTC**

FLORIDA DEPARTMENT OF CORRECTIONS
AND THE GEO GROUP, INC.,
C.MAIORANA,
R. Bethea,
M. Neal,
Ms. Cooper,
  Respondents.
_____/

## **TABLE OF EXHIBITS**

| Exhibit | Title | Number of Page(s) |
|---|---|---|
| A-1&2 | Informal Grievance W/Cont.– DC6-236, Dated: July 28, 2019 Log Number: 185-1907-0290 Response Dated: August 5, 2019 | 2 |
| B-1 | Grievance Response – Dated: August 28, 2019 Log Number: 1908-185-057 | 1 |
| B-2&3 | Formal Grievance W/Cont. – DC1-303, Dated: August 12, 2019 Log Number: 1908-185-057 | 2 |
| C-1 | Appeal Response – Dated: September 13, 2019 Log Number: 19-6-33277 | 1 |
| C-2,3&4 | Grievance Appeal W/Cont. – DC1-303, Dated: September 10, 2019 Log Number: 19-6-33277 | 3 |

## TABLE OF EXHIBITS (Con.)

| Exhibit | Title | Number of Page(s) |
|---|---|---|
| C-5&6 | Informal Grievance W/Cont. – DC6-236, Dated: August 16, 2019 Log Number: 185-1908-0201 | 2 |
| C-7 | Disabled Inmate Management and Service Plan – DC4-691 Dated: July 26, 2019 | 1 |
| D-1 | Appeal Response – Dated: September 23, 2019 Log Number: 19-6-34032 | 1 |
| D-2,3&4 | Grievance Appeal W/Cont. & Remedy– DC1-303 Dated: September 11, 2019 Log Number: 19-6-34032 | 3 |
| D-5 | Grievance Response – Dated: September 4, 2019 Log Number: 1908-185-140 | 1 |
| D-6&7 | Formal Grievance – DC1-303, Dated: August 22, 2019 Log Number: 1908-185-140 | 2 |
| E | Affidavit – Ronald E. Joyner | 2 |
| F | Affidavit – William G. Hargrove | 2 |
| G | Blackwater River Correctional Facility Inmate Handbook | 2 |

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

Date: _5/29/2020_

Ronald E. Joyner, DC# 508970
Plaintiff, *pro se*
Graceville Correctional Facility
5168 Ezell Road
Graceville, Florida 32440-2402

185-1907-0790

Team Number:
Institution: BRFLF

| TO: (Check One) | ☑ Warden / Asst. Warden | ☐ Classification / Security | ☐ Medical / Mental Health | ☐ Dental / Other |

| FROM: Inmate Name | DC Number | Quarters | Job Assignment | Date |
| Ronald JOYNER | 508970 | 41101L | H/m | 7-28-19 |

## REQUEST

Check here if this is an informal grievance ☑

On 7-26-19 I was on the callout Fox V.P at 9 AM which was Fox A A.D.A meeting. When i was called to the table were there was about eight people sitting There, i set down at the table. No one introduced Them self or job titles dealing with A.D.A program. Then one of the ladies sitting to my Left asked me a question, where are Your hearing Aids, i started to tell her what happened to them, when a lady setting two Chairs From her suddly interrupted me by making Fun of the way i talked, I asked her not to disrespect me. Then the lady who asked the question, then lashed out at me by saying, Thats why you are Fucken here 'cause you Piss people off and write them up. She then said by the way You can just get the hell out of here. So i Left but could not get out so i set down with the other inmates and asked one who was the lady asking the questions, he said Miss Neal Asst warden of program. Then asked who was the other lady he said miss Cooper head of Classiffication. Then a officer came out pointed and said come here. So I got up, he said not you the one next to you he got up and Miss cooper got up and said not you him

All requests will be handled in one of the following ways: 1) Written information or 2) Personal interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature]                    DC#: 508970

---

**DO NOT WRITE BELOW THIS LINE**

RESPONSE                                    DATE RECEIVED:    RECEIVED JUL 29 2019

Classification Supervisor Cooper was interviewed and states that she has never made fun of the way an inmate speaks.

AWP Neal was interviewed and states that she did not swear at you at anytime during the ADA meeting. She did state that you became disorderly and had to be removed due to your behavior.

The following pertains to informal grievances only:
Based on the above information, your grievance is _____ Denied _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): G. Caytor    Official (Signature): [signature]    Date: 8-5-19

Original: Inmate (plus one copy)

: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
  form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

mal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
  may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
  ed by Rule 33-103.006, F.A.C, attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
  r than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit A-1

(2) Asst Wardea.

Institution B.C.C.R

Ronald Joynea    508920  4110 1L    M/m        8-12-19

Fact (4) Neither Miss Neal or Cooper handle there self in a proffesional manner, Neil by lashish out about why i was hear and swearing, Miss Cooper by mocking me and interupting me when i was answering Neal question.

Fact (5) Neither Miss Neal or Cooper wrote me a D.R. For disrespectful like they accused me of. And After seven working days i tried to get out due to there time frame had expired. And found out they was now hold me under investigation but I was never told or seen a investigator or had a 72 hour I.C.T. Review.

Fact (6) On the A.D.A. Form it states i was removed from the meeting do to being disrespectful, but miss neal answer on the informal grievance Log Number 185-1907-0290 see Attached. She states i was disorderly, but never said she was not retaliatory About what she said, you are here cause you piss people off. And write stuff up. This proves she is a liar.

Fact (7) Miss Cooper And Miss Neal both have me back here in Confinement under false imprisonment due to i done no wrong in disrespecting no one At the table and done nothing to hold me under investigation

Fact (8) I will be seeking a civil suit For False imprisonment do to being Held Hostage For no Legal Reason

508970

**PART B - RESPONSE**

| JOYNER, RONALD | 508970 | 1908-185-057 | BLACKWATER C.F. | C4116S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance was received, reviewed and evaluated with the following response;

Review finds that the attached response to informal grievance number 185-1907-0290 was appropriate.

Therefore, based on the above findings, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, completing the form, providing attachments as required by Chapter 33-103.007, and forwarding to the Bureau of Policy Management and Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500.

R. Bethea, Grievance Coordinator                    C. Maiorana, Warden

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

DATE

Exhibit
B-1

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1908-185-057

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| JOYNER | Ronald | E | 508970 | B.R.C.R.F. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

### Part A – Inmate Grievance

This Formal grievance is to inlighten you on this informal grievance. log number (145-1907-0250) that occured on 7-26-19 at a A.D.A meeting in the V.P. You the warden was present along with miss cooper, miss neal and about five others at the table, when miss Neal asked me a question about were were my hearing AIDS, when i started answering her miss cooper started mocking me when i ask miss cooper what, she said another mind and started chuckling. Thats when miss neal stated that why you are fucken here in the first place cause you piss people off and write stuff up. Texs that why I'm here dus to officers at Suwannee beating me and i put it on the hot line and wrote in up, and when they took me to jail for staff Allagations the police took canteen, clothes and my hearing AIDS and i wrote it up, So i fill she was retalateing do to what happen at Suwannee or she would not had made that statement and then told me to get the hell out of there. All this due to me Asking miss cooper not to disrespect me and i was not disrespecting no one by asking not to disrespect me!

Fact① You the warden was present do to you signed the A.D.A. form with miss neal!

Fact② miss cooper did disrupts me when i was answering miss neal question About were are your hearing AIDs by mocking me and all i said to her was Please don't disrespect me and she also disrespected miss neal and me by inbarupting the answer to miss neal question and me nsure had a chance to finish answering the question

Fact③ miss neal did lash out and state thats why you are fucken here cause you piss people off and write stuff up. And had me took to confinement for disrespect.

| 8-12-19 | Exhibit B-2 | 508970 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

# ____1____   Signature _____

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____ Institutional Mailing Log #: _____
(Date)                                                                    (Received By)

RECEIVED
AUG 1 2 2019
BY: ____

INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                Incorporated by Reference in Rule 33-103.006, F.A.C.

Ronald Joyner  508970   7-28-19   2 OF 2

☒ ASST WARDEN

BROCKF

## GRIEVANCE CONTINUATION

the old white man. I went to him he said come with me and took me outside and said i got to
take you to yail cuff up. I then asked why i was going to yail he said i dont know.

Fact ① when i sat at the table with these eight People from A.D.A And BEO none of the introd
them selfs or position with the A.D.A program or BEO this was unproffesional manner of A.
Eight.

Fact ② miss cooper unproffesionnay intokupted me when i was answoking miss neal question
by making fun of the way i talked.

Fact ③ miss cooper did not handle her self in a Proffesional manner do to her making
Fun of a A.D.A disable inmate who also has a speach problen due to a stroke

Fact ④ miss neil dont handle her self in a Proffesional manner due to she lashes
out cussing at me and making Retaliation Remacks against me due to a issue i was
invuoled in at Another prison

Remedy

Not to charge me for any wrong doing, cause I did no wrong by asking miss
cooper not to disrespect me. And Release me back to gonkal population.

Both miss cooper and miss N should have to appoligize to me for there unproffesion
behavor

R.J  508970

Exhibit
B3

MAILED/FILED
WITH AGENCY CLERK

SEP 18 2019

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JOYNER, RONALD | 508970 | 19-6-33277 | BLACKWATER C.F. | C4116S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

C. Neel

_____

**SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING**

*C. Neel*

**SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE**

09/13/2019
**DATE**

Exhibit
C-1

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**
~~S~~
with 4 Attachm6s
SEP 12 2019
Department of Corrections
Inmate Grievance Appeals
Bureau of Corrections

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida De~~partment of Corrections~~
From or IF Alleging Sexual Abuse, on the behalf of:

| Joyner | Ronald | E. | 508970 | Blackwater C.F. |
|--------|--------|-----|---------|------------------|
| Last | First | Middle Initial | DC Number | Institution |

19-6-33277

### Part A – Inmate Grievance

This formal grievance to the secretray of D.O.C. is about a issue that accured on 7-26-19 at a A.D.A. meeting at Blackwater C.F. The warden C.Maiokana, asst warden of programs miss Neal, miss cooper head of classification, about five other A.D.A. Reps. who were prescient. Miss Neal called me to the table, asked me a question where are you hearing AIDS, I stated they come up missing when officers at Suwannee C.I. Annex took me to jail and packed my property. Miss cooper was mocking the way i speak do to a stroke i had, also was interrupting miss Neal question and i asked miss cooper what she said nothing and laughed i then asked her not to disrespect me. At this time miss Neal lashed out with Retaliation, saying thats why you are fucken here cause you piss people off and write them up. I did no wrong. This is a part of D.O.C. Rehabilitation Institution where i was taught to think be for i act, the right thing was to write the officer up at Suwannee C.I. Annex instead of acting out and getting another charge.

Fact ① when i arrived here i was never told this was a A.D.A Facility or contacted by a A.D.A. Rep. who should had let me know who i should contact in case of a A.D.A. issue if i had one.

Fact ② when i attend this A.D.A. meeting, all eight Reps. at the table still failed to introduce them selfs, titles in the A.D.A. program or the institution which was unprofessional.

| 9-10-19 | Exhibit | 508970 |
|---------|---------|--------|
| DATE | C 2 | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#      Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office    1908-185-057

Submitted by the inmate on: 09/10/19
(Date)

Institutional Mailing Log #: _____

_____ (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE | 109 (185) |
|---------------|---------------------|----------------|-----------|
| | INMATE (2 Copies) | INMATE | Asst. Warden Neal |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY | Classification Supervisor |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE | Cooper |
| | | CENTRAL OFFICE GRIEVANCE FILE | |

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

④ Secretary, Florida D.O.C.                    2 OF 3
                                            with 4 Attachments

Blackwater C.F.

Fact ③ See Attachment informal grievance log # (185-1907-0250)
miss cooper Response, she stated she did not mock me.

Fact ④ See Attachment Formal grievance Log # (1908-185-057)
at warden C. Maiorana Findings, he was prescient, he
dose not claim miss coopers statement to be true.

Fact ⑤ See Attachment informal grievance Log # (185-1907-0250)
miss Neal states she did not swear at me. on Formal grievance
Log # (1908-185-057) Warden C. Maiorana was prescient and
dose not claim her statement to be true.

Fact ⑥ See Attachment informal grievance Log # (185-1907-0250)
where i stated miss Neal was Retaliating due to a issue
that happen at Suwannee C.I. Annex, in her statement she
dose not deni that allegation.

Fact ⑦ miss Neal states on informal grievance Log # (185-
1907-0250) she put me in confinement For
being disorderly. But See Attachment Disabled Inmate
management and service Plan, under comments at the bottom
she states i was put in confinement For being disrespectful.
Now see Attachment informal grievance Log # (185-1908-0201)
on this Response Captin S. Davis states i was put in confinement
on July 26-2019 under investigation Also on top Right Coner
you will see 1 of 2 and Face sheet Attached which came up
miss but should be in the computer here on it Captin
Johns stated on it he put me under investigation on
July 6-2015

Fact ⑧ miss Neal never wrote me a D.R. i never was        Exhibit
                                                          C-3
seen by a investigator, ICT, Warden, Captin or Classification
but was held unlawfuly in confinement For 18 Days.

Blackwater C.F.

FACT ⑨ WARDEN C. MAIORANA WAS PRESCIENT AT the meeting, AN ON his RESPONSE ON FORMAL GRIEVANCE log # (1908-185-057) NEVER STATED I WAS DISRESPECTFUL OR disorderly to ANYONE!

FACT ⑩ I made Allegations on these OFFICER of illegal Action AND Them making FALSE Allegations on me AND hold me in FALSE imprisonment FOR 18 DAYS UNlawfully AND prouied it with legal documents ATTACHED IN THEIR WRITING AND signatures on the documents!

⑪ THIS CONCLUDES AND ExhAuST of Chapter 33 grievance procedures IN D.O.C. AN will SEEK A CIVIL SUIT IN THIS MATTER!

Remedy

WOULD be to all officers who had doings IN FALSE Afiging documents to help cover up what miss cooper AND MISS NEAL HAVE done to me AND CONFINCATE me FOR their Actions That CAUSED me mental Aguish!

Exhibit
C-4

1 OF 2
AND FACE
SHEET

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

185-1908-0201

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden / Asst. Warden | ☐ Classification / Security | ☐ Medical / Mental Health | ☐ Dental / Other | 4c src |
|---|---|---|---|---|---|

| FROM: | Inmate Name Ronald Joyner | DC Number 508970 | Quarters C4116S | Job Assignment N/N | Date 8-15-19 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

On 7-26-19 i was took to confinement by a officer at the A.M. Dia. when we got MGT.PG to confinement the officer told them i was to be locked up for disrespect. After seven working days i was not served a D.R. now the time frame ran out to serve me on the 8th working day i tried to get released but the officer said i was no longer pending a D.R. he said i was now under invistigation i said for what he said he would find out. Later he came back and said the computer just says under invistigation and states no reason This was on 8-6-19 now i ub never been seen by a invustergator. had a 72 hour I.C.T. review, seen a captin, warden, duty warden or classification officer and informed why i was holding me hostage under invustigation So you had me locked up for no lawful reason cause disrespect is nothing to invustigate so what was happen to me was illegal and called false inprisonment

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____          DC#: 508970

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                          RECEIVED
                                      DATE RECEIVED: AUG 15 2019

~~Your grievance has been reviewed with the following response: You were placed in administrative confinement of July 26,2019 under investigation status. You received an informal hearing before the shift supervisor and advised of your placement. Per FDC policy 602.220 an inmate can be placed in administrative confinement for investigation and the length of time spent in this status shall not exceed 15 working days unless one 5 working day extension is granted by the ICT. If it is necessary to continue the inmate's confinement beyond this first extension, written authorization must be obtained from the SCO for a 30-day extension. The SCO shall have the authority to authorize one additional 30-day extension.~~

---

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Denied_ (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): Capt S. Dos | Official (Signature): _____ | Date: 8-16-1( |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt from staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

_Exhibit C-5_

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

ASSt WARDON

Ronald Joyner 508970 C41165. N-M 8-15-19

ON 8-12-19 i was Released they gave me my Face Sheet see
Attached. It shows captin Johns Put me under investigation
on July 6-2019 in confinement but i was not put into
confinement untill July 26-2019 this also shows he False
-Fied his investigation by 20 day Back dating this Face
Sheet. Mabe be to cover up something or so G.6.0. could get
Paid 20 days more for me being in confinement due to
They get paid more for a inmate being in confinement
Rather than on the compound or Retaliation due to me
writing up officer at suwannee. Do to thats why i was
shipped here.

_____ 508970

*Attachment*

## Florida Department of Correction
### Disabled Inmate Management and Service Plan

Inmate Name & DC #: Joyner, Ronald #508970  (Present: ☑ Refused: ___ ) Date: 07-26-19

EOS Date: 06/30/2028  (*If this date is within the next 180 days, refer to HSA or designee to initiate aftercare planning.*)

Form of Communication: ☑ Verbal ☐ Sign Language- Interpreter Used: ☐ Yes ☐ No  Name:

Brief history of disability:

Current Diagnoses: HTN, Asthma, Hearing loss

Current Passes: Low bunk/low tier, double cuff in back

Medical Grades- M: 2  S: 1  W: 2  T: 1  WC:    P:    H: 3  E:    SY:    Reviewed              ☐

Housing: J110  Custody:    ☐ Comm. ☐ Min. ☑ Med ☐ Close   Work Assignment: Houseman

Is the work assignment appropriate? ☑ Yes ☐ No (*If no, explain*)

Does this inmate have an assigned Inmate Assistant: ☐ Yes ☑ No   Is the assistant appropriate? ☐ Yes ☐ No

Comments:

Assistive Device (s): ☑ Yes ☐ No  If yes, what kind(s): hearing aids

Is the assistive device in proper working condition? ☑ Yes ☐ No - If No, date replacement/repair initiated: _____

If defective, please explain:

Alternative devise issued:

DC4-711N, *Impaired Inmate Request and Agreement to Display Confidential Information about Impairments and/or Disabilities:* ☐ Offered & Accepted   ☐ Reviewed & Continued      ☐ N/A
☐ Offered & Declined   ☐ Reviewed & Rescinded

ADA Requests from inmate:

---

Comments: Need to check hearing aids / Im became disrespectful + was removed from meeting + placed in conf.

Inmate Signature:                                                          Date:

Disabled Inmate Committee Chair Signature: *[signature]*          Date: 7/26/19

Facility Warden Signature: *[signature]*                          Date: 7/26/19

| Inmate Name: Joyner, Ronald | **Referral(s) Needed: Y or N** |
|---|---|
| DC#: 508970    Race/Sex: W/M | If yes, please list: |
| DOB: 11/12/1962 | Referral sent to:   Exhibt C 7 |
| Institution: BRCRF | |

DC4-691 (Revised 2/23/18)   **This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.**

MAILED/FILED
WITH AGENCY CLERK

SEP 27 2019

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| JOYNER, RONALD | 508970 | 19-6-34032 | BLACKWATER C.F. | C4116S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

C. NEEL

---

| | *C. Neel* | 09/23/2019 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Exhibit
D-1

1 of 2
4. Attachment

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
SEP 19 2019
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Joyner | Ronald | F | 508970 | Blackwater River C.K.F. |
|--------|--------|---|--------|-------------------------|
| Last | First | Middle Initial | DC Number | Institution |

<u>Part A – Inmate Grievance</u>                                   19-6-34032

This Formal grievance is to show and prove That officers here at Blackwater River C.K. Facility security team of O.O.C. Lied on me, fake a fied documents, Retaliated And put me in confinement unlawfully with out a Reason on July 26-2019 and held me in False imprisonment against my will for 18 days.

Fact① Miss Neal A.W.P. warden C. Maiorana both singed this Disabled Inmate management and service Plan (see Attached) under command at the bottom They state i became disrespectful and had to be Removed From the meeting And put in confinement.

Fact② Miss Neal A.W.P., warden C.Maiorana both signed this Disabled Inmate management and service Plan (See Attach) False a Fie this document by lieing to Couse up a issue that happen at Suwannee C.I. Annex By stating i had hearing AIDS when they come up missing when officers at Suwannee C.I. Annex took me to jail and packed my property, I did File a Formal grievance on 4-15-19 and neels heard back Receipt Part C. (See Attached) to prove it with log#(1904-231-047) on it. But look on Disable Inmate Service Plan where it states Assisting Device they check the Yes Box Also where it states if yes what kind they put hearing AIDS And under naith where it says is the assistive Device in proper working condition then Check the Yes Box again. But i had no hearing AID For Them to See or check to see if they worked propely

Fact③ On Informal grievance Log#(185-1907-0390) dated 7-28-19 on On the Response where miss cooper was interviewed see lied on me by stating

| 9-11-19 | D-2 | 508970 | |
|---------|-----|--------|---|
| DATE | Exhibit T | SIGNATURE OF GRIEVANT AND D.C. # | |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

<u>Receipt for Appeals Being Forwarded to Central Office</u>                        1908-185-040

Submitted by the inmate on: 09/12/19
(Date)

Institutional Mailing Log #: _____

_____
(Received By)

DISTRIBUTION:
INSTITUTION/FACILITY          CENTRAL OFFICE
INMATE (2 Copies)             INMATE
INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                             CENTRAL OFFICE GRIEVANCE FILE

26 (185)

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

She did not mock me. Where A.W.P. was interviewed Miss Neal she states I became disorderly and had to be removed. But never denied the Alligation about Retalatering do to Suwannee.

Fact (4) On informal grievance Log #(185-1908-0201) Date 8-15-19 At top Right corner it states 1 of 2 and Face Sheet This Face Sheet stated on it Captin Johns put me in confinement on July 6-2019 under investigation and was attached But when the informal grievance Log #(185-1908-0201) That Captin S. Davis Resoned to come Back it was missing (Face Sheet)

Fact (5) On informal grievance Log #(185-1908-0201) Date 8-15-19 Captin S. Davis state i was put in confinement on July 26-2019 under investigation and i had a informal hearing But has no document with who what date or time. He also tampered with my legal document Face Sheet that was attached which prouves Captin Johns put me in confinement on July 6-2019 by not returning the Face Sheet

Fact (6) First They said i was disrespectful, disorderly Then under investigation and had a informal hearing But i never seen anyone and they failed to provied documentation with who, date or time And never gave me a D.R.

Fact (7) I am a 56 Year old man who is disable, mentaly, hearing And vision. All These Professonal D.O.C. Security Personals have took advanage of by licing on, false a ficing document, Tampering with legal work and putting me in false imprisonment in confinement For 18 days For no Reason.

Fact (8) I have prouven with documents That A.W.P. miss Neal Warden C. Maiorana, Captin Johns, Captin S. Davis All have lied and False a ficed Legal Documents on me and hold me unlawfully in False imprisonment do to i did no wrong on 7.26.19.

**Exhibit D-3**

303
with 4
Attachments

# Remedy

D.O.C. or GEO needs to confiscate me for each day i spend in confinment, do to D.O.C GEO Security Team here at Blackwater River Correctional and Rehabilition Facility. Also All who had part in lieing on me, Tampering with legal work, false a figing documents and Rotaliation on me need to be terminated do to unprofessional behavor. Or I will seek a civil suit against All in this matter.

508570

9-11-19

Exhibit
D-4

**PART B - RESPONSE**

| JOYNER, RONALD | 508970 | 1908-185-140 | BLACKWATER C.F. | C4116S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance was received, reviewed and evaluated with the following response;

Review finds that the attached response to informal grievance number 185-1908-0201 was appropriate. Be advised, you have since been released to general population.

Therefore, based on the above findings, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, completing the form, providing attachments as required by Chapter 33-103.007, and forwarding to the Bureau of Policy Management and Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500.

C. Lindsey, Captain

C. Maiorana, Warden

_C. Lindsey_

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

8/4/19

DATE

Exhibit
D-5

(1 0f 2)

1908-185-140

Plus O.I.M.A.S.P. Form

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

JOYNER Ronald F.     508970     B.R.C.R.F.     Yc sic
Last  First  Middle Initial        DC Number        Institution

### Part A – Inmate Grievance

This Form(al) GRIEVANCE i submit is on informal grievance Log number (185-1908-0201) i submitted on 8-15-19 to the Asst. Warden. On 7-26-19 i Attened a A.D.R. meeting, where MISS NIGAL had me removed from and put inconfinment, saying I be came disrespectful. See Attachments Disabled Inmate and Service Plan, where it states Comments at the bottom! She Failed to serve me a D.R. within Seven Working days, on the 8th Working day i tried to get Released, the sgt said i was now under investigation by Captin Johns. I was never informed by a shift supervisor, investigator, Captin, I.C.T. Team, warden, Asst warden or a Classification Officer at any time of my 18 days inconfinsment. When i got out they gave me my face sheet and on it, it stated Captin Johns put me under investigation on July 6-2019 And it was Attached to the informal grievance log number(185-1908-0201) When i Received it back from Captin S. Davis The face sheet was missing on the grievance see Attached even states face sheet Attached on top Right Consen his Answer on the grievance states i was put inconfinment on July 26-19 under investigation And Received a informal barring before the shift supervisor wich i did not.

Fact ① MISS NIGAL Failed to write me a D.R. within 7 working days.

Fact ② MISS NIGAL had me put inconfinsment on July 26-19 For being disrespectful Proven on the Disabled Inmate Management and Service Plan Form See Attached not under investigation.

Fact ③ on the eigth working day i tried to get Released And the sgt.

8-22-19                                          508970
DATE                        SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:   D-6     / 1
Exhibit      #        Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ (Date)     Institutional Mailing Log #: _____ _____ (Received By)

RECEIVED
AUG 2 3 2019
BY:_____

INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)           Incorporated by Reference in Rule 33-103.006, F.A.C.

☑ WARDEN

Joyner Ronald E   508970   B.R.C.R.F. Plus

D.I.M.A.S.P.
Form

Said Captin Johns had me Now under INvestigation
And he did not Know why.

Fact ④ I was Never INformed by any Shift Supervisor,
INvestergator, Captin, I.C.t Team, warden, duty warden
or Classification Officer

Fact ⑤ The Face Sheet i had attached wich stated Captin
Johns Put me under INvestigation ON July 6-2019
come up missing From my Legal papers, But it states
on The top Right coner of the grievance see Face Sheet

Fact ⑥ Captin S. Davis answer on the grievance states
i had a INformal Hearing by the Shift Supervisor, But
Provids no paper with my signature on it, or other
paper work to prove by who where time or date

Fact ⑦ Captin S. Davis tampered with Legal work by not
Returning the Face Sheet that stated Captin Johns
Put me under INvestigation on July 6-2019 That was
attached.

## Remedy

Blackwater River correctional and Rehabilitation Facility
to compencate me For holding me unlawfuly Hostage
And infalse inprisonment For 18 Days, or i will seek
A civil suit in this matter.

Ray   508970   8-22-19

# UNITED STATES DISTRICT COURT OF THE
# NORTHERN DISTRICT
# OF FLORIDA

RONALD EDWARD JOYNER,

     Plaintiff,

vs.

                                 Case No.:

C. MAIORANA, WARDEN ,Et. Al.,

     Defendants.

_____ /


## AFFIDAVIT

Pursuant to 28 U.S.C. § 1746, I the undersigned affiant _Ronald E Joyner_

_____, declare under penalty of perjury that the following is true and

correct:

1. October 3, 2019, Thursday, approximately 10:40 am-11:30 am, the six (6)

    cameras in C-4 dorm recorded the following:

The above-named defendants, their agents and employees of private contractor

GEO Blackwater, were searching row eight (8) in the above dorm and provoked an

incident between two (2) disabled elderly impaired, ADA designated inmates,  one

*Exhibit E*

blind and one wearing a seizure helmet which escalated with both inmates fighting each other, striking one another in the face on cameras.

2. The above blind inmates with a blind cane/stick was as white. The inmate with the seizures helmet is black and is under the protection of the STG gang the Bloods.

3. The above "Et al." Defendants specifically named in the caption of the 42 U.S.C. 1983 complaints is the ADA coordinator Ms. Neal who was personally present during the above and either allowed and or ordered an STG Blood to pick up the blind white prisoner's locker and slam it on the ADA lock to bust open the locker for other STG members to steal the blind white prisoner's canteen and personal property on camera and the blind white man was the only one to go to jail.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT AND I REQUEST A POLYGRAPH.**

Oct 28-2019
_(Date)_

508970
_(Signature of Plaintiff)_

Exhibit - E

# UNITED STATES DISTRICT COURT OF THE
## NORTHERN DISTRICT
## OF FLORIDA

RONALD EDWARD JOYNER,

     Plaintiff,

vs.

                                  Case No.:

C. MAIORANA, WARDEN ,Et. Al.,

     Defendants.

_____ /


## AFFIDAVIT

Pursuant to 28 U.S.C. § 1746, I the undersigned affiant w.G. Hardgrave declare under penalty of perjury that the following is true and correct:

1. October 3, 2019, Thursday, approximately 10:40 am-11:30 am, the six (6) cameras in C-4 dorm recorded the following:

2. The above-named defendants, their agents and employees of private contractor GEO Blackwater, were searching row eight (8) in the above dorm and provoked an incident between two (2) disabled elderly impaired, ADA designated inmates,

3. one blind and one wearing a seizure helmet which escalated with both inmates fighting each

Exhibit-F

4.   other, striking one another in the face on cameras.

5.   The above blind inmates with a blind cans/stick was as white. The inmate with the seizures helmet is black and is under the protection of the STG gang the Bloods.

6.   The above "Et al." Defendants specifically named in the caption of the 42 U.S.C. 1983 complaints is the ADA coordinator MF. Neal who was personally present during the above and either allowed and or ordered an STG Blood to pick up the blind white prisoner's locker and slam it on the ADA lock to bust open the locker for other STG members to steal the blind white prisoner's canteen and personal property on camera and the blind white man was the only one to go to jail.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT AND I REQUEST A POLYGRAPH.**

October 28, 2019
(Date)

W.G. Hargrove
(Signature of Plaintiff)
William G. Hargrove
D.C. 110941

17          Exhibit - F



# The GEO Group, Inc.

# Blackwater River Correctional Facility

# Inmate Handbook

## CANTEEN OPERATIONS

Canteen operations have been out sourced to Keefe, Inc. The canteen is located in the housing units and will offer a wide selection of items for sale. These items will be available for purchase utilizing your inmate I.D. card. The Canteen schedule will be posted at the canteen area in each dorm.

## INMATE PROPERTY

Property Room procedures will be in compliance with the Florida Administrative Code. For your information, the below is noted as the general property room procedure:

Call outs will be posted daily in the units. If you arrive at the property room without a call out or before your scheduled time, you will be turned away. All property room issues will be addressed using the inmate request procedure.

All out going packages must go through property to be mailed out. The inmate will send the Property Officer an inmate requests and wait to be placed on call out.
No outside packages are allowed; when reporting to the property room, ensure that you have all necessary documentation to retrieve property; otherwise property will not be released.

You may only keep the amount of property that will fit inside your assigned bunk drawer.
NO EXCEPTIONS! All other property will be confiscated and considered contraband. Any confiscated or unclaimed property will be disposed of, after thirty (30) days. An inmate may appeal the action of contraband being seized through the grievance process. This grievance must be filed within (20) twenty days.

## Discipline

An orderly correctional community is necessary to maintain an effective program. You are expected to live in harmony with your fellow inmates at BRCF. Good order and discipline will be maintained and you can expect corrective action for any violation of the rules and regulations.

1.   **Verbal Reprimand:**
     A verbal reprimand is considered any staff member's verbal counseling with or verbal intervention to an inmate designed to motivate the inmate to comply with, or clarify the rules of prohibited conduct.

2.   **Corrective Consultation (CC's):**
     This is a form used by staff to call your attention to a minor rule violation. It is kept in your file as an official record. The Classification Team reviews Corrective Consultations at the time of a Progress Review or any review of your file. CC's can affect gain-time awards.

3.   **Formal Disciplinary Action:**
     Staff members observing a rule violation or having evidence that a violation of the rules and regulations has been committed will write a Disciplinary Report. You will be given a copy of the charges placed against you and you will have a formal hearing before a hearing officer or the full disciplinary team. Each case is processed on an individual basis, and depending on the seriousness of the rule infraction, a wide range of corrective measures can be applied.

## Violations of State or Federal Law

In some cases, such as escapes, riots, assaults, or other serious violations, formal charges may be referred to the State Attorney for prosecution. Additionally, in some cases you may receive a disciplinary report. Thus, you can be prosecuted in outside court as well as disciplined through BRCF'S disciplinary process as governed by the Florida Administrative Code. Contrary to popular belief, this is not double jeopardy. Internal disciplinary infractions are distant from crimes, and the same act may lead to action in both arenas.

Exhib. + G

FIRST-CLASS MAIL

Hasler
05/29/2020
US POSTAGE $002.60⁹
ZIP 32440
011E11676058

Ronald E. Joyner, DC# 508970
Graceville Correctional Facility
5168 Ezell Road
Graceville, Florida 32440-2402

U.S. District Court
Clerk of the Court
1 North Palafox Street, Suite # 226
Pensacola, Florida
32502-4863

Legal Mail